UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Civil Action No. 5:21-cv-00016-LLK

SHANNON R. MOORE                                                                                          PLAINTIFF

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion of Plaintiff's counsel for attorney fees pursuant to 42 U.S.C. § 406(b), to which the Commissioner responded in partial opposition, arguing for a fee reduction. [Doc. 27, 34]. Plaintiff's reply time expired on August 2, 2023.

For the reasons below, there will be no fee reduction.

**The Commissioner's unopposed interpretation and position with respect to Plaintiff's motion**

Plaintiff filed a complaint seeking judicial review of the final decision of the Commissioner denying his/her claim for disability benefits. [Doc. 1]. Plaintiff obtained a judicial remand. [Doc. 21, 22]. Upon remand, the Commissioner awarded disability benefits.

When the motion was filed, however, the Commissioner had not yet determined and calculated Plaintiff's past-due benefits. [Doc. 27]. Nevertheless, counsel indicated that he sought 25% of past-due benefits (pursuant to the terms of the agreement he entered with Plaintiff prior to representation before this Court). *Id.* The Commissioner indicates that Plaintiff's past-due benefits now have been determined to be $44,611.92. [Doc. 34]. Thus, according to the Commissioner (and in the absence of information to the contrary from counsel), because 25% of $44,611.92 is $11,152.98, that is the amount Plaintiff's counsel seeks in his motion at Doc. 27.

The Commissioner argues that this Court should reduce the requested fee to $10,125. [Doc. 34]. The Commissioner's rationale is that, because counsel put in 20.25 hours of work before this Court [Doc. 23-1], if paid $11.152.98, that would amount to an hourly rate of $550.76 ($11.152.98 divided by 20.25

1

hours). *Id.* According to the Commissioner, the "balance of decisions from this Court" indicates that $500 is the "maximum hypothetical rate." *Id.* (citing *Lewis v. Comm'r of Soc. Sec.*, No. 1:19-cv-00183-GNS-LLK, 2023 WL 395793 (W.D. Ky. Jan. 25, 2023) (collecting authorities)). If counsel is paid at an hourly rate of $500, the fee would be $10,125 ($500 per hour times 20.25 hours), which the Commissioner argues would be appropriate.

**Discussion**

42 U.S.C. § 406(b) allows an attorney fee of up to 25% of past due benefits pursuant to contingency-fee agreements, but the amount must be tested for reasonableness. *Gisbrecht v. Comm'r of Soc. Sec.*, 535 U.S. 789, 808-09 (2002). There is a rebuttable presumption that a contingency-fee agreement with a cap of 25% of past-due benefits (being withheld by the Commissioner for payment of attorney fees) is reasonable, and such an award should be reduced only when there is evidence of ineffectiveness or when an attorney would receive an inordinate unwarranted "windfall." *Lasley v. Comm'r*, 771 F.3d 308, 309 (6th Cir. 2014); *Hayes v. Sec'y of Health & Hum. Servs.*, 923 F.2d 418, 419 (6th Cir. 1990). To avoid such windfalls, district courts are expressly authorized to consider the attorney's hours and standard rates in reviewing the reasonableness of contingency fees. *Gisbrecht*, 535 U.S. at 808. "[A] windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes*, 923 F.2d at 422.

The Commissioner acknowledges that in *Philpott v. Comm'r*, No. 3:15-cv-00554-CHB, 2021 WL 2109225 (W.D. Ky. May 25, 2021) this Court approved a fee based on an hourly rate of $600. [Doc. 34]. Counsel in Philpott practiced law in New York, New York, and counsel in the present case practices in the Western District of Kentucky. But counsel in Philpott required 32 hours of work before this Court (to

2

obtain a judicial remand), whereas counsel in the present case required only 20.25 hours. *Philpott* does not indicate that in the present case an hourly rate of $550.76 would result in a windfall to counsel.

Nor does it appear that an hourly rate of $550.76 would result in a windfall to counsel in light of *Lewis*, 2023 WL 395793 – the case the Commissioner cites in support of his suggestion that the "balance of decisions from this Court" indicates that $500 is the maximum approved hourly rate. [Doc. 34]. In *Lewis*, this Court approved an hourly rate of $500 for Frederick J. Daley, Jr., founder of Daley Disability Law, Chicago, Illinois. But Mr. Daley did only 1.75 of the total 40.1 hours of work before this Court. The other work was done by associates of Daley Disability Law, and this Court approved hourly rates of as high as $460 for them. *Lewis* does not indicate that in the present case an hourly rate of $550.76 would result in a windfall to counsel.

**Effect of prior EAJA award**

To the extent an attorney receiving a § 406(b) award has previously received an award under the Equal Access to Justice Act (EAJA), the smaller award must be refunded to the plaintiff. *Gisbrecht*, 535 U.S. at 795-96 (where fees are awarded under both EAJA and § 406(b), counsel must "[r]efund to the claimant the amount of the smaller fee."); *see also Comm'r v. Ratliff*, 560 U.S. 586 (2010) (fees under § 406(b) are offset by any award of EAJA fees).

This Court previously awarded Plaintiff EAJA fees of $2,531.25 provided that:

> After entry of the award, if Defendant can verify that Plaintiff does not owe a pre-existing debt to the government subject to offset, Defendant will direct payment of the award to Plaintiff's attorney pursuant to an EAJA assignment.

[Doc. 26].

Counsel is reminded of whatever obligation he may have to Plaintiff with respect to the EAJA fees.

**Order**

Therefore, the motion of Plaintiff's counsel for attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $11,152.98 [Doc. 27] is GRANTED. The Commissioner shall pay counsel $11,152.98 from Plaintiff's past-due benefits being withheld for that purpose.

August 7, 2023

Lanny King, Magistrate Judge
United States District Court